UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JESSIE B. WRIGHT, | ) | CASE NO. 1:08 CV 360 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JACQUELINE THOMAS, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On February 13, 2008, *pro se* plaintiff Jessie B. Wright filed this action under 42 U.S.C. § 1983 against North Coast Correctional Treatment Facility ("NCCTF") Warden Jacqueline Thomas, and NCCTF Physician Doctor Tate. In the complaint, plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs. Mr. Wright filed an Amended Complaint on March 5, 2008 to add Management Training Corporation ("MTC"), Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Mona Parks, and NCCTF Institutional Inspector Callahan as defendants. He seeks monetary damages.

**Background**

Mr. Wright suffers from multiple back injuries and chronic depression. He regularly takes several medications for these conditions. Mr. Wright states that in September 2007, he noticed blood in his stool, which he attributed to one of his medications. He reported this symptom

to the medical department; however, subsequent testing for the presence of blood yielded negative results. After speaking with Mr. Wright on November 23, 2007, the physician discontinued Mr. Wright's medications. Mr. Wright contacted the medical department three days later and reported that he required his medications. He does not indicate whether they were once again prescribed for him. He filed a grievance which stated that the medications caused bleeding to occur. The Institutional Inspector reported that Mr. Wright had refused his medication and stated that all tests for fecal blood were negative. On January 11, 2008, "a medical round trip was ordered for outside examination of plaintiff's bleeding problem." (Compl. at 4.) Mr. Wright does not report the outcome of that medical appointment. He states that a second appointment "for another round trip examination as to the problem of plaintiff's bleeding" was scheduled for February 3, 2008. He signed this complaint on February 6, 2008. He provides no information on that appointment.

Mr. Wright asserts that Doctor Tate was indifferent to his symptoms. He states that "loss of blood is loss of life" and that Dr. Tate should have been more diligent in determining what was causing the problem. He indicates that the Warden of the prison is named as a defendant because she "employed prison officials whom [sic] are negligent in health care to prisoners." (Compl. at 3.) He claims MTC is "liable for hiring and retaining" the physician. Finally, he asserts that the failure of the ODRC Assistant Chief Inspector, the NCCTF Institutional Inspector and the Warden to issue favorable rulings on his grievances reflects "indifference as [to] the medical needs with reckless disregard for rights and policy in procedure for chronic care patients." (Am. Compl. at 1.) He seeks $1,500,000.00 in damages.

**Analysis**

-2-

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, it is clear that MTC and Warden Jacqueline Thomas are named as defendants in the complaint simply because they employ Doctor Tate. Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability must lie, therefore, upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* In order for liability to attach to MTC or Ms. Thomas, plaintiff must allege that they did more than play a passive role in the alleged violations or show mere tacit approval of the behavior. *Id.* He must show that the supervisors somehow encouraged or participated in the actions of their subordinates. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the complaint that suggest that these defendants had

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

any knowledge of the medical decisions that were being made for Mr. Wright, or that they in any way actively encouraged any violation of plaintiff's rights.

Similarly, ODRC Assistant Chief Inspector Mona Parks, and NCCTF Institutional Inspector Callahan are named as defendants solely because they rendered rulings on grievances which were unfavorable to the plaintiff. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

Finally, Mr. Wright fails to state a claim for relief under the Eighth Amendment. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to demonstrate that the defendant acted with deliberate indifference

to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). Mr. Wright complained of blood in his stool. He was given an appointment with a physician. The physician performed at least two separate tests, but was unable to confirm the presence of blood. He complained that the medications were causing the bleeding. The physician discontinued the medications. Mr. Wright was sent on two "round trips" outside of the prison to obtain medical testing from a specialist. He does not report the findings of the physicians during those appointments. Mr. Wright asserts that the Dr. Tate was negligent and breached his duty of care to try to find out what was causing his bleeding episodes. Negligent actions are insufficient to state a claim upon which relief may be granted. There are no allegations in the complaint which reasonably suggest that Dr. Tate acted with conscious disregard of a substantial risk of serious harm which amounts to criminal recklessness. Mr. Wright fails to state a claim for relief under the Eighth Amendment.

## Conclusion

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.[2]

        IT IS SO ORDERED.


                              /s/ Patricia A. Gaughan
                            PATRICIA A. GAUGHAN
                            UNITED STATES DISTRICT JUDGE

Dated: 5/30/08

---

[2]   28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.